UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GILBERT W. HOWELL, | CASE NO. 1:06CV1235 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| | OPINION AND ORDER |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Application (ECF DKT #22) for Attorney Fees under the Equal Access to Justice Act (EAJA). For the reasons that follow, the Application is granted, awarding fees and expenses to Plaintiff, Gilbert W. Howell, in the amount of Six Thousand Eight Hundred Thirty-Five Dollars and Twenty-Five Cents ($6,835.25), plus costs in the action.

**I. BACKGROUND**

Pursuant to 42 U.S.C. § 405(g), Plaintiff, Gilbert W. Howell, filed an action for judicial review of the Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income. On March 3, 2008, the Court adopted the Report and Recommendation of the Magistrate Judge, that this matter be reversed and remanded to the Social Security Administration for further consideration under sentence four of § 405(g). On May 29, 2008, Plaintiff petitioned the Court for an award of attorney fees, expenses and costs under the EAJA, 28 U.S.C. § 2412.

**II. LAW AND ANALYSIS**

In order to recover fees and expenses under the EAJA, the plaintiff must be a "prevailing party"; the position of the United States must not have been "substantially justified"; no special circumstances make an award of fees unjust; and the plaintiff must submit a timely fee application.  See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Kling v. Secretary of Department of Health & Human Services of the United States*, 790 F.Supp. 145, 150 (N.D. Ohio 1992).

Defendant concedes Plaintiff's Application was timely.  Further, Defendant agrees Plaintiff has prevailing party status.  *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)(a claimant who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party).  Defendant offers no special circumstances making an award of fees unjust.  However, Defendant argues the Application should be denied because the Government's position was substantially justified.

The Government will not be required to pay EAJA fees if its position in the case is *substantially justified*; that is, the Government's position must be "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Kling*, 790 F.Supp. at 151.  "In other words, the position maintained by the Secretary is substantially justified if it has a reasonable basis in law and fact."  *Pierce*, 487 U.S. at 565; *Trident Marine Construction, Inc. v. District Engineer*, 766 F.2d 974, 980 (6th Cir. 1985).  The burden of persuasion rests upon the Government; and both its administrative decision and its position defending it in court must have been reasonable to avoid an EAJA award.  28 U.S.C. § 2412(d)(2)(D).

The Court found the Administrative Law Judge (ALJ) was unjustified in relying upon

the opinion of Dr. William Schonberg. Dr. Schonberg opined there was no basis for believing Plaintiff had the onset of mental retardation prior to the age of eighteen; but was seemingly unaware of key facts, including the subaverage IQ score Plaintiff achieved at the age of fourteen. Although Plaintiff's counsel alerted the ALJ to the flaws in Dr. Schonberg's report, the ALJ still afforded it the "greatest weight." Consequently, the Court remanded the matter for an agency determination whether Plaintiff is disabled, after consideration of an expert opinion based upon Plaintiff's *entire* record of cognitive impairment.

### III. CONCLUSION

Since the Agency decision was based upon a flawed expert opinion, and a failure to consider the complete record of Plaintiff's mental impairment, the Government's position at the administrative level and at the litigation stage was not substantially justified. Furthermore, "Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute" including the fees for time and expenses incurred in making application for fees. *Jean*, 496 U.S. at 166. Therefore, Plaintiff, Gilbert W. Howell, is awarded fees and expenses in the amount of Six Thousand Eight Hundred Thirty-Five Dollars and Twenty-Five Cents ($6,835.25) and costs.

**IT IS SO ORDERED.**

**DATE:  __July 18, 2008_____**

> **S/Christopher  A. Boyko**
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**